WARREN COMPANY, Inc., v. R. L. FOUNTAIN.

No. 2630.

Court of Civil Appeals of Texas. Beaumont.

Jan. 18, 1935.

Rehearing Denied Jan. 23, 1935.

Heidrick & Tucker, of Beaumont, for appellant.

W. T. McNeil, of Beaumont, for appellee.

COMBS, Justice.

Appellant sold appellee a secondhand freezer case for the storage and display of meat in his butcher shop. The purchase price was $700. Appellant filed this suit for collection of a balance of $425, plus 10 per cent. attorney's fee, being balance due on the note given by appellee in part payment for the freezer

case. Appellee by his answer admitted execution of the note and that it had not been paid, but charged the appellant with fraud, misrepresentation, and breach of warranty in that the freezer case was defective and unfit for the use for which it was sold to him. By cross-action he pleaded damages, including a special damage of $400 due to spoilage of meat and loss of profits. The jury convicted appellant of the various acts of fraud alleged, and found the freezer case to be worth $200 at the time of delivery, $500 less than appellee agreed to pay for it, and also that appellee had suffered special damage in the amount of $300. The trial court offset appellant's debt against the $800 thus assessed as appellee's damages and entered judgment for appellee for the difference, $375.

Appellant submits twenty-two propositions of error. We have carefully examined the record, and overrule all of them except the last two, which complain of the submission of the issue and assessment of special damage as being unsupported by the evidence. These assignments are sustained. On the record before us, such damages are entirely too remote and speculative.

The judgment of the trial court will be reformed by eliminating the item of $300 special damage awarded appellee, and, as so reformed, the judgment is affirmed.